UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENNETH SAAVEDRA                                         CIVIL ACTION

VERSUS                                                               NO. 07-9328

DEALMAKER DEVELOPMENTS, L.L.C.,            SECTION "C" (4)
ET AL

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal and the plaintiff's motion to remand. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's petition concerns a contract to purchase property in Texas for $55,000. (Pet. ¶ 6). The property was to be part of a planned subdivision in a planned resort community. (Petition, ¶¶ 11-12). After the plaintiff paid the purchase price, he claims to have learned that the defendants would not be able to fulfill their promises. (Petition, ¶ 17). The defendants attempted to compensate the plaintiff by providing him with a $110,000 interest contingent on the sale of a property in Georgia. (Petition, ¶ 19). After that sale did not materialize, the plaintiff unsuccessfully demanded a refund

of his $55,000 deposit plus delay damages.  (Petition, ¶ 22).  On October 4, 2007, the plaintiff filed this suit for breach of contract, fraud, intentional misrepresentation, conversion and violation of Louisiana Unfair Trade Practices Act prayed for the refund of the $55,000 owed, along with unspecified delay, consequential and non-pecuniary damages, fees, expenses and costs.  (Petition, pp. 9-10).   This matter was removed on the basis of diversity on December 5, 2007.   The Court ordered memoranda directed to the issue of subject matter jurisdiction.

　　　The Court finds that jurisdiction is lacking for two reasons.  First, the record still does not contain adequate proof of diversity of citizenship.  In general, the citizenship of a limited liability partnership is determined by the citizenship of its partners.  *Carden v. Arkoma Associates*, 494 U.S. 185 (1990).   In addition, the plaintiff challenges the citizenship of defendant Darren Zuppardo ("Zuppardo"), and maintains that Zuppardo was a Louisiana citizen at all relevant times.  To support their argument that Zuppardo had moved to Florida at the relevant time, the movers, who do not represent Zuppardo, provide an unauthenticated Florida driver's license allegedly issued to Zuppardo.  The movers allege that Zuppardo has a maintains a home in Florida, but provides no proof.  Under these circumstances, the Court finds that the movers have not established diversity of citizenship for purposes of this Court's removal jurisdiction.

Next, the movers have problems with regard to establishing that the minimum jurisdictional amount was in controversy at the time of removal. With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. Id. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178,

3

182-189 (1936); <u>Diefenthal v. Civil Aeronautics Board</u>, 681 F.2d 1039 (5th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1107 (1983).

 The movers argue that refund of the $55,000 along with the possibility of penalties under the LUTPA satisfy the requirement that the jurisdictional minimum is facially apparent from the petition. (Rec. Doc. 10, pp. 8-9). In that event, the filing of the petition for removal is untimely as claimed by the plaintiff, since the removing defendants were first served on October 22, 2007. [1]

 Assuming that it is not facially apparent that the jurisdictional amount was in issue at the time of removal, the movers next argue that the plaintiff's settlement demand of $150,000 prior to removal satisfies the jurisdictional amount. (Rec. Doc. 10, p. 9). Assuming this circumstance rendered the removal timely, the movers have failed to make a showing "sufficiently particularized" to meet its burden that the jurisdictional amount was actually in controversy at the time of removal. The Court notes that the prayer of the October 2007 petition focuses on the $55,000 refund. (Petition ¶¶ 9-10). In July 2007, prior to filing suit, the plaintiff made a settlement demand of $70,000. (Petition, Exh. 7). The focus of this litigation is the refund of the $55,000 deposit.

---

[1] It appears that the plaintiff's attempt to serve Zuppardo at the Florida address has not been successful. In any event, the Court is not persuaded by the movers' argument that the Petition did not become removable until the plaintiff attempted to serve Zuppardo at the alleged Florida address.

Based on the record and the law, the Court finds that the movers have not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c). The remand is not based on the procedural deficiencies argued by the plaintiff.

New Orleans, Louisiana, this 30th day of January, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE